UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>This Document Relates to: ALL CASES |

## PROTECTIVE ORDER

Plaintiffs and Defendants propose this Protective Order ("**Order**"), which, subject to Court approval, shall govern the production, use, dissemination and filing of confidential documents and information in this multi-district litigation ("**Proceeding**"). This Protective Order shall not relieve any party of any obligations under the Initial Case Management Order (ECF 12).

1.   **Scope**

a)      This Order shall govern all documents, the information contained therein, and all other discoverable information disclosed during this Proceeding whether in a document, deposition, other testimony, discovery response or otherwise, produced by any party or non-party in this Proceeding (the "**Producing Party**") to any other party or non-party receiving such documents or information (the "**Receiving Party**"), when such document or information is designated "Confidential" in accordance with the procedures set forth herein. This Order is binding upon the Parties; their respective corporate parents, subsidiaries and affiliates; their respective attorneys, agents, representatives, officers and employees; any non-parties who agree to be bound hereby; and others as set forth in this Order.

b)      Under this Order, any party from or about whom documents or information are sought shall have the right to identify and designate as "**Confidential**" any document or other information produced, provided, or received in this Proceeding, or any testimony given in this Proceeding, which testimony or discovery material is believed in good faith by the designating

party, and by the designating party's counsel, to constitute, reflect or disclose information that qualifies for protection under Federal Rule of Civil Procedure 26(c).

     c)      Under this Order, any party shall have the right to identify and designate as **"Highly Confidential—Attorneys' Eyes Only"** any document or other information produced, provided, or received in this Proceeding, or any testimony given in this proceeding, which testimony or discovery material is believed in good faith by the designating party, and by the designating party's counsel, to constitute information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including but not limited to, information that has a substantial likelihood of disclosing the designating party's internal processes that constitute trade secrets and confidential research, development or commercial information, as well as personally identifiable information.

     d)      **"Confidential Information"** shall mean any material that is designated pursuant to this Order as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" by the Producing Party.

     e)      Each party or non-party that designates information or items as "Confidential Information" under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The parties acknowledge that the Case Management Order (ECF 12) contemplates that discovery from this action should be coordinated with other litigation, including state court litigation, related to the Rock 'n Play Sleeper product, and will meet and confer to facilitate the foregoing.

2. **Designation of Confidentiality**

     Documents or information may be designated Confidential or Highly Confidential—Attorneys' Eyes Only within the meaning of this Order in the following ways:

     a)    Subject to Paragraphs 1(b)-(c), above, documents produced by a Producing Party may be designated as Confidential, in whole or in part, as follows: (i) if an entire document is being designated Confidential, marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as appropriate, or (ii) if a portion of a document is being so designated, marking each page of the document containing Confidential Information with the appropriate confidentiality legend. Documents produced in electronic format shall have the foregoing legend "burned" in the document image when produced as TIFF files or on the slip sheet if produced in native format. The accompanying metadata shall indicate in the appropriate metadata field(s) that such document contains Confidential Information. If the Producing Party produces documents in electronic format which contain Confidential Information by means of physical media, then the physical media shall bear the legend: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," as appropriate.

     b)    If the designating party is not the Producing Party, within a reasonable time after receipt of such documents or information, the designating party shall identify in writing to the Producing Party and any other party to the Proceeding any documents the designating party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" by Bates number if such documents bear a Bates number, and all parties shall treat such documents or information as Confidential Information.

   c)    Subject to Paragraphs 1(b)-(c) above, in the case of responses to interrogatories and requests for admissions, designation of Confidential Information shall be made by a statement in the answers or responses specifying which answers or responses or specific parts thereof are designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." The following legend shall be placed on each page of the answers or responses containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" or "CONTAINS HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION," as appropriate, and the answers or responses designated as Confidential or Highly Confidential—Attorneys' Eyes Only shall be conspicuously marked (e.g., highlighted, or in a separate document designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

   d)    Subject to Paragraphs 1(b)-(c), above, in the case of depositions and the information contained in depositions (including exhibits), or in other pretrial or trial proceedings, designation of the portions of the transcript that contain Confidential Information shall be made by a statement on the record in the course of the deposition or hearing by counsel for the party or witness providing such testimony or producing such information or by counsel for the party or witnesses whose confidential information is being discussed or disclosed. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the party or witness designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days after receipt of the deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of

protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Confidential Information so that the other parties can ensure that only authorized individuals who have signed the "Certification" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

Transcripts containing Confidential Information shall have a prominent legend on the title page that the transcript contains Confidential Information, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Information. The designating party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.  If portions of a video-recorded deposition are designated as "CONFIDENTIAL," the CD or other material containing the video-recorded deposition shall be labeled with the legend contained in Paragraph 2(a).

e)      The filing of any documents and materials with the Court in this Proceeding containing or reflecting the contents of Confidential Information shall be governed by Local Rule of Civil Procedure 5.3 and the Administrative Procedures Guide for Electronic Filing ("**Administrative Procedures**") § 2(R). NO SEALED FILINGS SHALL BE MADE PRIOR TO

APPROVAL BY THE COURT PURSUANT TO § 2(R)(i)(2) of the Administrative Procedures, except as authorized by applicable statute or federal rule. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential or Highly Confidential—Attorneys' Eyes Only under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order. Regardless of any provision in this Order to the contrary, a party need not file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

      f)    Documents filed under seal may be unsealed at the Court's discretion.

**3.**    **Disclosure of Confidential Information**

      a)    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this Order.

      b)    Subject to Paragraph 5 below, access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to the following persons:

          i.    The parties to this Proceeding, including their outside and in-house counsel and members and employees of their firms engaged in assisting such counsel herein or therein.

ii.    Officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary for this litigation and who have executed the form attached as Exhibit A.

iii.   Outside photocopying, data processing or graphic production services employed by the parties to this Proceeding, assisting such counsel herein or therein.

iv.    Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for a party to this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel for the Receiving Party in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. Such outside expert or consultant shall also execute the form attached as Exhibit A.

v.     Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses Confidential Information to the witness determines in good faith that such disclosure is reasonably necessary and appropriate to assist in the conduct of the Proceeding, and after such witnesses have signed the form attached as Exhibit A.

vi.    Any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face such document to have authored or received the Confidential Information sought to be disclosed to that person, or (b)

7

who is specifically referenced by name and substantively discussed in

such document, but only as to the specific material the person authored

or received, or in which such person is referenced and discussed.

vii.    This Court or any other Court exercising jurisdiction with respect to this

Proceeding; Court personnel, jurors, and qualified persons (including

necessary clerical personnel) recording, taking or transcribing testimony

or argument at any deposition, hearing, trial or appeal in this Proceeding;

and

viii.   Any other person to whom the designating party agrees in writing or on

the record in advance of the disclosure. If the designating party does not

agree to allow the disclosure, the party seeking to make the disclosure

may file a motion with the Court for approval to make the disclosure.

c)    Subject to Paragraph 5 below, access to information designated "HIGHLY

CONFIDENTIAL—ATTORNEYS' EYES ONLY" pursuant to this Order shall be limited to the

following persons:

i.      Outside and in-house counsel for the parties and members and

employees of their firms engaged in assisting such counsel herein or

therein.

ii.     Outside photocopying, data processing or graphic production services

employed by the parties to this Proceeding, assisting such counsel herein

or therein.

iii.    Any outside expert or consultant (or any employee of such outside expert

or consultant) who is retained by counsel for a party to this Proceeding,

for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel for the Receiving Party in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. Such outside expert or consultant shall also execute the form attached as Exhibit A.

iv. Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses the document or material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the witness (a) determines in good faith that such disclosure is reasonably necessary and appropriate to assist in the conduct of the Proceeding, and (b) in the case of third-party witnesses without a present or former affiliation with the designating party, discloses to counsel for the designating party which "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" will be disclosed two business days prior to the deposition to enable the designating party to seek appropriate relief, if necessary.  Such "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials can only be disclosed to a witness at deposition if the aforementioned requirements are met and after such witnesses have signed the form attached as Exhibit A.

v. Any person (a) who was involved in the preparation of the document or other tangible medium containing the "HIGHLY CONFIDENTIAL-- ATTORNEYS' EYES ONLY" information and/or who is shown on the

9

face such document to have authored or received the "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" information sought to be disclosed to that person, or (b) who is specifically referenced by name and substantively discussed in such document, but only as to the specific material the person authored or received, or in which such person is referenced and discussed.

vi.   This Court or any other Court exercising jurisdiction with respect to this Proceeding; Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this Proceeding; and

vii.  Any other person to whom the designating party agrees in writing or on the record in advance of the disclosure. If the designating party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**4.     <u>Notification of Protective Order</u>**

Confidential Information shall not be disclosed to a person described in paragraphs 3(b)(iv), 3(b)(v), 3(b)(viii), 3(c)(iii), or 3(c)(vi) unless and until such person has executed the form attached as Exhibit A, the original of which shall be maintained by counsel for the party who obtained it until the final resolution of this Proceeding, and shall not be subject to discovery except upon motion on notice and a showing of good cause. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential

Information, the deponent shall be provided a copy of the form attached as Exhibit A and shall affirmatively state on the record that he or she has received the form and consents to the restrictions contained within this Order, a copy of which shall be provided to the deponent. If the deponent refuses to do so, the deposition will be suspended to allow counsel for the party to make an appropriate motion to the Court and shall resume following the Court issuing an order on such motion.

5.      **Use of Confidential Information at Trial**

The rules and procedures governing the use of Confidential Information at trial shall be determined by the Court at the final pretrial conference.

6.      **Objections to Designations**

A party may, at any time, make a good faith challenge to the propriety of a Confidential Information designation. In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated as Confidential or Highly Confidential—Attorneys' Eyes Only shall be treated as designated until such time as the Court rules that such materials should not be treated as Confidential or Highly Confidential—Attorneys' Eyes Only.

7.      **Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information other than on the basis that it has been designated Confidential or Highly Confidential—Attorneys' Eyes Only, or of any right which any party may have to assert such privilege at any stage of this litigation.

8.      **Return or Destruction of Materials**

Within sixty days after the final resolution of this Proceeding, all Confidential Information shall be returned to counsel for the party or non-party that produced it or, at the option of the Receiving Party, shall be destroyed. Counsel shall be entitled to retain work product containing or reflecting Confidential Information in their files. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information.

9.      **Inadvertent or Unintentional Disclosure**

A Producing Party that inadvertently fails to designate discovery material as Confidential or mis-designates discovery material as Confidential or Highly Confidential—Attorneys' Eyes Only pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by

substitute copies of each item of discovery material, appropriately designated. Parties who received the discovery material prior to notice of non- or mis-designation by the Producing Party shall within five (5) business days of receipt of the substitute copies, take reasonable steps to destroy or return to the Producing Party all copies of such mis-designated documents or apply to the Court for a ruling that such documents are not Confidential or Highly Confidential—Attorneys' Eyes Only. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and parties that reviewed the purported non- or mis-designated material prior to notice of the non- or mis-designation by the Producing Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

**10.    No Waiver/Claw Back**

The inadvertent production of documents in any form shall not itself constitute a waiver for any purpose. The parties reserve all defenses as to what constitutes reasonable attempts to prevent disclosure under Federal Rule of Evidence 502. The inadvertent production of privileged documents shall not constitute a waiver, in whole or in part, of the immunity or privilege in this or any other proceeding or otherwise, so long as the disclosing party advises the recipient(s) in writing within 30 days from when the inadvertent disclosure is discovered, but in no case after a final pre-trial order has been entered, that the disclosed material is being designated as privileged. After being notified, the Receiving Party must promptly return, sequester, or destroy the identified documents and any copies it has, must not use or disclose the information, and must take reasonable steps to retrieve the documents if the party disclosed it before notification. Further, the Receiving Party shall not use the documents that the Producing Party asserts is subject to the privilege or immunity to argue that there has been a waiver of the privilege or

13

protection, or to argue that the inadvertently produced documents are not privileged. The Receiving Party shall promptly make an appropriate motion if it disagrees with such notice. Consistent with this paragraph, the Parties will have the right to "claw back" any documents subject to work product immunity, attorney-client privilege, or any other immunity or privilege that were inadvertently produced, subject to an appropriate motion by the Receiving Party.

**11.     Other Provisions**

      a.     The restrictions set forth in this Order shall not apply to documents or information designated Confidential or Highly Confidential—Attorneys' Eyes Only that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

      b.     A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

      c.     Any party or person in possession of Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not bound by this Order, which subpoena seeks production or other disclosure of such Confidential Information, shall, within three business days, give written notice by electronic mail to counsel for the Producing Party and/or designating party as appropriate in order to provide the Producing Party and/or designating party with sufficient time to try and protect such Confidential Information from production or disclosure. The written notice shall identify the materials sought and enclose a copy of the subpoena or other process unless ordered otherwise by a court of competent jurisdiction. Nothing herein shall be construed to obligate

the person bound by such subpoena or other process to make a motion or undertake other action, or to appear before any court or administrative body unless otherwise required by law.

       d.      This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests, in writing, the protection of this Order as to said non-party's Confidential Information and complies with the provisions of this Order.

       e.      Upon the final resolution of this Proceeding (including conclusion of any appeal) , this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this Proceeding.

       f.      This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

       g.      The Court may amend, modify or dissolve this Order at any time.

IT IS SO ORDERED this 21st day of Oct., 2019.

Geoffrey W. Crawford, Judge
United States District Court

15

EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>This Document Relates to: ALL CASES |

## **CERTIFICATION**

1. My name is _____.

2. I am (circle and complete one as appropriate):

    a. Employed by a third party assisting counsel in this MDL as (state position)

_____ by (state name and address of employer)

_____.

    b. Called as a witness in the above-captioned MDL. My work or home

address is: _____.

3. I have read the Protective Order that has been entered in the above captioned

MDL, and a copy of it has been given to me. I understand the provisions of the foregoing

Protective Order, and agree to comply with and to be bound by its provisions.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 20____

by_____
(signature).

806244