# Exhibit F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: FISHER-PRICE ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>This Document Relates To: ALL CASES |

**PLAINTIFFS' RESPONSES AND OBJECTIONS TO
DEFENDANTS' FIRST SET OF CONSOLIDATED REQUESTS FOR
THE PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Plaintiffs Elizabeth Alfaro, Emily Barton, Linda Black, Luke Cuddy, Rebecca Drover, Megan Fieker, Karen Flores, Nancy Hanson, Jena Huey, Samantha Jacoby, Megan Kaden, Candice Kimmel, Kerry Mandley, Cassandra Mulvey, Joshua Nadel, Melanie Nilius Nowlin, Daniel Pasternacki, Brianna Persons, Jessie Poppe, Katharine Shaffer, Emily Simmonds, Josie Willis, and Renee Wray ("Plaintiffs"), by their undersigned attorneys, respond and object to Defendants' First Set of Consolidated Requests for Production of Documents to Plaintiffs ("Requests") as follows:

**GENERAL OBJECTIONS**

The following General Objections apply to each specific Request, and are incorporated into each specific response thereto.

1.    The Requests are overbroad, unduly burdensome and disproportionate to the needs of the case insofar as they seek documents other than those bearing on Plaintiffs' standing to assert their claims on a class-wide basis. Plaintiffs object to the Requests to the extent they seek discovery that is beyond the scope of the discovery ordered by the Court for the class certification phase.

2.    By responding to any Request, Plaintiffs do not concede the materiality of the subject to which it refers. Plaintiffs' responses are made expressly subject to, and without

waiving or intending to waive, any objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence, or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent or related proceeding.

3. Plaintiffs object to the Requests to the extent they seek to impose obligations beyond the scope permitted by the Federal Rules of Civil Procedure and/or the Initial Case Management Order in this multi-district litigation (ECF 12) and/or the parties' Electronic Discovery Plan.

4. Plaintiffs object to the time period covered by the Requests ("January 1, 2008 to the present") as overbroad, unduly burdensome and disproportionate to the needs of the case. Plaintiffs are prepared to meet and confer with defendants Fisher-Price, Inc. and Mattel, Inc. ("Defendants") concerning the appropriate date range for Plaintiffs' individual responses that is proportionate to the needs of the case during the class certification phase of discovery.

5. Plaintiffs object to the Requests to the extent that they seek information or documents that are protected from discovery by the attorney-client privilege, the attorney work product doctrine, the trial preparation privilege, the common interest privilege, or any other applicable privilege, protection, or immunity, or which constitute material prepared for litigation purposes.

6. Inadvertent production of any document and/or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or other ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or

of Plaintiffs' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7. Plaintiffs object to the Requests to the extent that they seek documents, information or things that are not in Plaintiffs' possession, custody, or control, or purport to require Plaintiffs to seek documents, information or things in the possession, custody, or control of third parties. Plaintiffs' production of any documents, information or things shall not be deemed a waiver of this objection. Plaintiffs object to the Requests to the extent that they seek documents, information or things available through public sources, information for which Defendants have greater or equal relative access, or information in the possession, custody, or control of Defendants.

8. Plaintiffs object to the Requests to the extent that they contain inaccurate, incomplete, or misleading characterizations of facts, persons, relationships, or events. No incidental or implied admissions are intended by these responses, and these responses shall not be construed to be a waiver by Plaintiffs of all or any part of any objection to the Requests. Nor shall Plaintiffs' responses be construed in any way as an admission that any definition, instruction, or statement by Defendants set forth in the Requests is either factually correct or legally binding on Plaintiffs.

9. A response to a specific Request stating that Plaintiffs will search for or produce documents is not a representation that any such documents exist or ever have existed, but instead is a representation that to the extent that such documents do exist and are in the possession, custody, or control of Plaintiffs individually, and can be discovered through a reasonable search, they will be produced in accordance with the terms of Plaintiffs' response to the specific Request.

10. The documents and information supplied by Plaintiffs, including these responses, are based upon presently available information. Plaintiffs reserve the right to supplement or amend any or all parts of these responses.

11. Plaintiffs will produce documents on a rolling basis commencing within thirty days of the date of these Responses.

**OBJECTIONS AND RESPONSES
TO REQUESTS FOR PRODUCTION**

**1.** ***Any and all documents or communications concerning Your or Your agent's purchase of the Product(s) for the use of Your child or the children of others at any time.***

Plaintiffs object to Defendants' request for "any and all documents or communications" as overbroad and unduly burdensome, disproportionate to the needs of the case, and outside the scope of class certification discovery. Once Plaintiffs' acquisition of the Products(s) is sufficiently documented, additional documents relating to this topic are cumulative to the parties' and the Court's consideration of numerosity, commonality, typicality, adequacy, or predominance. Production of such additional documents would be unduly burdensome inasmuch as "the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(b)(1); *see also* Tr. Initial Conference at 17:7-23 (Sept. 16, 2019).

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents responsive to this Request.

**2.** ***Any and all documents or communications concerning Your receipt, or Your child's receipt, of the Product(s) at any time by means other than by Your or Your agent's purchase (e.g., as a gift or hand-me-down).***

Plaintiffs object to Request No. 2 for "any and all documents or communications" for the same reasons and to the same extent as stated above in their response to Request No. 1.

4

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents responsive to this Request.

**3.**     *Any and all documents or communications concerning Your ownership of the Product, including but not limited to any and all documents or communications concerning where and when You owned the Product, to the extent not produced in response to Request Nos. 1 and 2 above.*

Plaintiffs object to Request No. 3 as vague and ambiguous with respect to the phrase "concerning Your ownership." Specifically, the phrase "concerning Your ownership" may mean (a) the fact that Plaintiffs owned the Product(s) or (b) Plaintiffs' act or state of ownership of the Product(s). Plaintiffs further object to this Request because the phrase "where…you owned the Product" is unclear and ambiguous. To the extent the phrase "concerning Your ownership" is intended to carry meaning (b), Plaintiffs object to this request as overbroad and unduly burdensome, disproportionate to the needs of the case, and outside the scope of class certification discovery, as documents evidencing Plaintiffs' act or state of ownership would encompass every single document in Plaintiffs' possession that relate to the Product(s) Plaintiffs owned.

Plaintiffs further object to this Request for "any and all documents or communications" for the same reasons and to the same extent as stated above in their response to Request No. 1.

Plaintiffs further object to this Request to the extent it encompasses photographs or videos of Plaintiffs' child(ren) for the reasons set forth in their response to Request No. 8 below.

Subject to and without waiving the foregoing objections, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents sufficient to show the fact and duration of their ownership of the Product(s) with the exception of photographs of Plaintiffs' child(ren).

5

**4.**     *Any and all documents or communications concerning Your, Your agent's, or Your child's use of the Product.*

Plaintiffs object to Request No. 4 as vague and ambiguous with respect to the phrase "concerning Your, Your agent's, or Your child's use." To the extent this phrase is intended to encompass documents that refer to, or otherwise reflect, the purpose to which Plaintiffs, their agents, and their children put the Products(s), Plaintiffs object to Request No. 4 as overbroad and unduly burdensome, disproportionate to the needs of the case, and outside the scope of class certification discovery. As alleged in the Consolidated Amended Complaint, the Product(s) were unsafe for *any* use with infants and, as such, should not have been marketed to consumers at all. That this fact is susceptible to common proof is in no way obviated by the particular use(s) to which any of the Plaintiffs put the Product(s), nor, in this context, would those particular uses(s) support any defenses unique to any Plaintiff.

Plaintiffs further object to the scope of Defendants' request for "any and all documents or communications" as overbroad and unduly burdensome, disproportionate to the needs of the case, and outside the scope of class certification discovery. Once the Plaintiffs' use(s) of the Product(s) is (are) sufficiently documented, additional documents relating to this topic are cumulative to the parties' and the Court's consideration of numerosity, commonality, typicality, adequacy, or predominance. Production of such additional documents would be unduly burdensome and disproportionate to the needs of the case inasmuch as "the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(b)(1); *see also* Tr. Initial Conference at 17:7-23 (Sept. 16, 2019).

Subject to and without waiving the foregoing objections, to the extent such documents are in their possession, custody, or control after a reasonable search, Plaintiffs will produce

6

non-privileged documents sufficient to show the purpose or purposes for which they used the Product(s).

**5.     *Documents sufficient to identify the model or models of the Product purchased, owned and/or used by You, Your agent or Your child, to the extent not produced in response to Request Nos. 1 or 2.***

Plaintiffs object to Request No. 4 to the extent it is duplicative of Requests No. 1, 2 and 3.

Plaintiffs further object to this Request's reference to the models of the Product "used by" Plaintiffs.  To the extent this phrase is intended to encompass documents that refer to, or otherwise reflect, the purpose to which Plaintiffs, their agents, and their children put the Products(s) to use, Plaintiffs object to Request No. 5 as overbroad and unduly burdensome, disproportionate to the needs of the case, and outside the scope of class certification discovery. As alleged in the Consolidated Amended Complaint, the Product(s) were unsafe for *any* use with infants and, as such, should not have been marketed to consumers at all.  That this fact is susceptible to common proof is in no way obviated by the particular use(s) to which the named Plaintiffs put the Product(s), nor, in this context, would those particular uses(s) support any defenses unique to any Plaintiffs.

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents responsive to this Request.

**6.     *Copies of any and all baby registries on which You or Your agent registered for or included the Product or any other Inclined Sleeper, or on which another person registered for or included the Product or any other Inclined Sleeper on Your behalf.***

Plaintiffs object to Request No. 6 as overbroad and unduly burdensome, disproportionate to the needs of the case, and insofar as it seeks documents outside the scope of class certification

7

discovery. Plaintiffs also object to this request to the extent that they are not in possession, custody or control of copies of baby registries created by another person.

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents responsive to this Request.

**7.** *Copies of any and all advertisements (including packaging and labeling) You viewed or relied on in purchasing, registering for, or using the Product.*

Plaintiffs object to Request No. 7 as seeking documents outside the scope of class certification discovery.

Plaintiffs further object to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case as Defendants can access their own advertising, packaging, and labeling more easily than can Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing objections, Plaintiffs will produce any copies of any advertisements in their possession, custody or control after a reasonable search; and are willing to produce for inspection any packaging and labeling in their possession, custody or control at a mutually convenient time and place or meet and confer concerning the production of photographs of the same.

**8.** *Copies of all photographs or videos of Your child (and/or your children) in the Product.*

Plaintiffs object to Request No. 8 as duplicative of Request No. 4.

Plaintiffs further object to this Request as overbroad and unduly burdensome, disproportionate to the needs of the case, and insofar as it seeks documents outside the scope of class certification discovery. Production of photographs and videos of Plaintiffs' infant children would represent a burden—a deep intrusion into the personal privacy of Plaintiffs and their

child(ren), who are not parties to the case—that far outweighs any possible benefit of the proposed discovery. Even if, arguendo, evidence of the specific uses to which Plaintiffs put the Product(s) were germane to any element or defense relevant to class certification, such evidence may come in the form of testimony, interrogatory responses, or non-photographic documentary evidence. Accordingly, Plaintiffs will not produce any documents in response to this Request.

**9.** *Copies of any and all product instructions, manuals or warning labels You or Your agent viewed or relied on in using the Product.*

Plaintiffs object to Request No. 9 as seeking documents outside the scope of class certification discovery.

Plaintiffs further object to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case because Defendants can access their own instructions, manuals, and labels more easily than can Plaintiffs. *See* Fed. R. Civ. P. 26(b)(1).

Subject to and without waiving the foregoing objections, Plaintiffs will produce copies of any instructions or manuals in their possession, custody or control after a reasonable search; and are willing to produce for inspection any warning labels in their possession, custody or control at a mutually convenient time and place or meet and confer concerning the production of photographs of the same.

**10.** *Documents sufficient to show any Inclined Sleeper, other than the Product, purchased or owned by You or Your agent at any time for use by Your child and/or Your children.*

Plaintiffs object to Request No. 10 as seeking documents outside the scope of class certification discovery.

Plaintiffs further object to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case because the information sought in this request may be obtained more efficiently through testimony or interrogatories.

9

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents responsive to this Request.

**11.** *Documents sufficient to show any and all equipment, furniture, devices (including but not limited to cribs, bassinets, cradles or Inclined Sleepers) You or Your agent used for Your child's or and/or your children's sleep from the child's or children's birth to one year of age.*

Plaintiffs object to Request No. 11 to the extent it is duplicative of Requests Nos. 4 and 10.

Plaintiffs further object to this Request as seeking documents outside the scope of class certification discovery.

Plaintiffs further object to this Request to the extent it encompasses photographs or videos of Plaintiffs' child(ren) for the reasons set forth in their response to Request No. 8 above.

Plaintiffs further object to this Request as overbroad, unduly burdensome, and disproportionate to the needs of the case because the information sought in this Request may be obtained more efficiently through testimony or interrogatories.

Accordingly, Plaintiffs will not produce any documents in response to this Request.

**12.** *Any and all documents and communications relating to the resale, if any, of any Product owned by You.*

Plaintiffs object to the scope of Defendants' request for "any and all documents or communications" as overbroad and unduly burdensome, disproportionate to the needs of the case, and outside the scope of class certification discovery. Once the Plaintiffs' acquisition of the Products(s) is sufficiently documented, additional documents relating to this topic are cumulative to the parties' and the Court's consideration of numerosity, commonality, typicality, adequacy, or predominance. Production of such additional documents would be unduly burdensome inasmuch

as "the burden or expense of the proposed discovery outweighs its likely benefit." FRCP 26(b)(1); *see also* Tr. Initial Conference at 17:7-23 (Sept. 16, 2019).

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents responsive to this Request.

**13.** *Any and all documents and communications concerning research You or Your agent did on infant sleep at any time, including but not limited to copies of the front cover, back cover, and spine of any and all books You or Your agent purchased or read relating to, or that contained information on, infant sleep.*

Plaintiffs object to Request No. 13 as disproportionate to the needs of the case and insofar as it seeks documents outside the scope of class certification discovery. Plaintiffs further object to this Request to the extent it encompasses documents and exchanged with their attorneys; therefore, in responding to this Request, Plaintiffs will interpret it as requesting responsive documents and communications other than those exchanged with Plaintiffs' attorneys.

Plaintiffs further object to this Request as overbroad, unduly burdensome and disproportionate to the needs of the case to the extent it seeks copies of "any and all books…purchased or read" because the information sought in this request may be obtained more efficiently through testimony or interrogatories.

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged documents responsive to this Request and are willing to produce for inspection any responsive books or things in their possession, custody or control at a mutually convenient time and place or meet and confer concerning the production of photographs of the same.

**14.** *Any and all communications between You and anyone, other than Your attorneys, regarding the allegations in Your complaint in this action.*

Plaintiffs object to Request No. 14 as vague and ambiguous with respect to the phrase "Your complaint in this action." Specifically, it is unclear whether the phrase "Your complaint in this action" refers to the individual complaints which predated transfer by the Judicial Panel on Multidistrict Litigation, or the Consolidated Amended Complaint. In responding to this Request, Plaintiffs interpret "Your complaint" to refer to the Consolidated Amended Complaint.

Plaintiffs further object to this Request as overbroad, unduly burdensome, disproportionate to the needs of the case and outside the scope of class certification discovery.

Plaintiffs further object to this Request to the extent it encompasses communications between Plaintiffs and their child(ren)'s pediatrician(s) as such communications are disproportionate to the needs of the case and implicate the private medical information of persons who are not parties; therefore, in responding to this Request, Plaintiffs will interpret it as excluding communications with their child(ren)'s pediatrician(s).

Subject to and without waiving the foregoing objections, Plaintiffs, to the extent such documents are in their possession, custody, or control after a reasonable search, will produce non-privileged communications regarding the allegations made in the Consolidated Amended Complaint.

**15.** *Any and all documents referenced in Your complaint in this action.*

Plaintiffs object to Request No. 15 as vague and ambiguous with respect to the phrase "Your complaint in this action." Specifically, it is unclear whether the phrase "Your complaint in this action" refers to the individual complaints which predated transfer by the Judicial Panel on Multidistrict Litigation, or the Consolidated Amended Complaint. In responding to this Request, Plaintiffs interpret "Your complaint" to refer to the Consolidated Amended Complaint.

Plaintiffs further object to this Request as outside the scope of class certification discovery.

Plaintiffs further object to this Request as seeking material prepared in anticipation of litigation, implicating the attorney work product doctrine and taking undue advantage of Plaintiffs' counsel's industry and efforts to the extent it purports to seek documents in the possession of Plaintiffs' counsel. Accordingly, Plaintiffs interpret this Request as calling for the production of documents that are in the possession of Plaintiffs personally, and not in the possession of their attorneys.

Plaintiffs further object to this Request as unduly burdensome because the Consolidated Amended Complaint contains extensive footnotes with citations and Internet links to the documents referenced therein, which are a matter of public record and equally accessible to Defendants as they are to Plaintiffs. Accordingly, Plaintiffs will not produce any documents responsive to this Request and refer Defendants to the citations in the Consolidated Amended Complaint.

**16.** *Any and all communications, whether public or private, that You or Your agent posted to Facebook, Twitter, Instagram, Snapchat, LinkedIn, Pinterest, Google Plus+, Tumblr, Reddit, VK, Flicker, Vine, YouTube, Periscope, or any other social media, website or blog concerning the Product.*

Plaintiffs object to Request No. 16 as overbroad and unduly burdensome, disproportionate to the needs of the case, and insofar as it seeks documents outside the scope of class certification discovery.

Subject to and without waiving the foregoing objection, Plaintiffs, to the extent such communications are in their possession, custody or control after a reasonable search, will produce such non-privileged communications to the extent they are responsive to other Requests for which Plaintiffs produce documents.

**17.** *Any and all documents or communications concerning any and all damages or injury You or Your child allegedly suffered as a result of You, Your agent's or Your child's purchase, ownership, or use of the Product.*

Plaintiffs object to Request No. 17 as vague and ambiguous with respect to the phrase "damages or injury You or Your child allegedly suffered." Specifically, Plaintiffs object to Request No. 17 to the extent the phrase "damages or injury You or Your child allegedly suffered" refers to any damages or injuries which Plaintiffs or their children may have suffered as a result of their purchase, ownership, or use of the Product(s) and which are not within the categories of damage and injury for which the Consolidated Amended Complaint seeks redress.

Plaintiffs further object to this Request as seeking material prepared in anticipation of litigation and implicating the attorney work product doctrine to the extent it purports to seek documents or communications in the possession of Plaintiffs' counsel. Accordingly, Plaintiffs interpret this Request as calling for the production of documents or communications that are in the possession of Plaintiffs personally, and not in the possession of their attorneys.

Subject to and without waiving the foregoing objections, Plaintiffs, to the extent such documents are in their possession, custody, or control after conducting a reasonable search, will produce non-privileged documents concerning damages sought in the Consolidated Amended Complaint.

**18.** *Documents sufficient to identify all cases in which You are serving and/or have served as a class representative or in which You are seeking and/or have sought to serve as a class representative.*

Plaintiffs object to Request No. 18 as overbroad, unduly burdensome and disproportionate to the needs of the case because the information sought in this Request may be obtained more efficiently by testimony or interrogatory. Accordingly, Plaintiffs will not produce any documents in response to this Request.

14

**19.** *Documents sufficient to identify all cases, other than this case, in which You have been represented by Your attorneys in this action.*

Plaintiffs object to Request No. 19 as overbroad, unduly burdensome and disproportionate to the needs of the case because the information sought in this Request may be obtained more efficiently by testimony or interrogatory. Accordingly, Plaintiffs will not produce any documents in response to this Request.

November 11, 2019

        **CONNORS LLP**

        /s/ Terrence M. Connors
        Terrence M. Connors
        Katherine G. Howard
        1000 Liberty Building
        Buffalo, NY 14202
        (716) 852-5533
        tmc@connorsllp.com
        kgh@connorsllp.com

        *Plaintiffs' Liaison Counsel*

        **WOLF HALDENSTEIN ADLER**
        **FREEMAN & HERZ LLP**
        Demet Basar
        Daniel Tepper
        Kate McGuire
        270 Madison Ave.
        New York, New York 10016
        (212) 545-4600
        basar@whafh.com
        tepper@whafh.com
        mcguire@whafh.com

        *Plaintiffs' Lead Counsel*

        **PIERCE BAINBRIDGE BECK PRICE &**
        **HECHT LLP**
        Andrew J. Lorin
        Jonathan A. Sorkowitz
        Kristin Darr
        Melody McGowin

277 Park Avenue, 45th Floor
New York, New York 10172
(212) 484-9866
alorin@piercebainbridge.com
jsorkowitz@piercebainbridge.com
kdarr@piercebainbridge.com
mmcgowin@piercebainbridge.com

**DeNITTIS OSEFCHEN PRINCE, P.C.**
Stephen P. DeNittis (*admitted pro hac vice*)
5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, NJ 08053
(856) 797-9951
sdenittis@denittislaw.com

**SMOLEN & ROYTMAN**
Daniel Smolen
701 S. Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
danielsmolen@ssrok.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher
Blair Reed
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
(925) 300-4455
ltfisher@bursor.com
breed@bursor.com

*Plaintiffs' Executive Committee*

*Additional Counsel to Plaintiffs:*

**CARUSO LAW FIRM, P.C.**
Mark A. Smith
The Colonial Building
1325 East 15th Street, Suite 201
Tulsa, OK 74120
(918) 583-5900
msmith@carusolawfirm.com

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Gary S. Graifman
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
(845) 356-2570
ggraifman@kgglaw.com

**STULL, STULL & BRODY**
Melissa R. Emert
Howard T. Longman
6 East 45th Street-5th floor
New York, NY 10017
(212) 687-7230
memert@ssbny.com
hlongman@ssbny.com

**REICH RADCLIFFE & HOOVER LLP**
Mark G. Reich
Adam T. Hoover
4675 MacArthur Court, Suite 550
Newport Beach, CA 92660
(949) 975-0512
mgr@reichradcliffe.com
adhoover@reichradcliffe.com

**FORCHELLI DEEGAN TERRANA LLP**
Elbert F. Nasis
333 Earle Ovington Blvd., Suite 1010
Uniondale, New York 11553
(516) 248-1700
enasis@forchellilaw.com

**BRANSTETTER, STRANCH & JENNINGS, PLLC**
J. Gerard Stranch, IV
Benjamin A. Gastel
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
(615) 254-8801
gerards@bsjfirm.com
beng@bsjfirm.com

**CORY WATSON P.C**.
F. Jerome Tapley
Douglas A. Dellaccio, Jr.
Hirlye R. "Ryan" Lutz, III

Adam W. Pittman
Lauren S. Miller
2131 Magnolia Ave. S.
Birmingham, AL 35205
(205) 328-2200
jtapley@corywatson.com
ddellaccio@corywatson.com
rlutz@corywatson.com
apittman@corywatson.com
lmiller@corywatson.com.

**PITTMAN, DUTTON & HELLUMS, P.C.**
Chris T. Hellums
Jonathan S. Mann
2001 Park Place North, Suite 1100
Birmingham, AL 35203
(205) 322-8880
chrish@pittmandutton.com
jonm@pittmandutton.com

**SHINDLER ANDERSON GOPLERUD & WEESE PC**
J. Barton Goplerud
Brian O. Marty
5015 Grand Ridge Dr
West Des Moines, IA 50265
(515) 223-4567
goplerud@sagwlaw.com
marty@sagwlaw.com

**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
Robert K. Shelquist
100 South Washington Ave., Suite 2200
Minneapolis, MN 55401
(612) 339-6900
rkshelquist@locklaw.com

**CUNEO GILBERT & LADUCA, LLP**
Charles J. LaDuca
4725 Wisconsin Ave, NW
Washington, DC 20016
(202) 789-3960
CharlesL@cuneolaw.com

806712