**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ROCK 'N PLAY SLEEPER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 1:19-md-2903<br><br>Hon. Geoffrey W. Crawford<br><br>This Document Relates to: ALL CASES |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' EVIDENTIARY OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION, APPOINTMENT OF CLASS REPRESENTATIVES, AND APPOINTMENT OF CLASS COUNSEL**

The plaintiffs' Motion for Class Certification (ECF 125) ("Motion") is a procedural one at a preliminary stage of this case.  *See* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").  Greater evidentiary freedom is appropriate at such preliminary proceedings as the class certification stage.  Indeed, some evidentiary uncertainty is inevitable in this case because the parties have not yet conducted merits discovery.  This Court should overrule all of Defendants' objections to the evidence submitted in support of Plaintiffs' Motion.

Defendants' evidentiary objections are misplaced, and their undue formalism can only hinder — not help — this Court's "rigorous analysis" to ensure the requirements of Rules 23(a) and (b) are satisfied.  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011).  This Court "exercises broad discretion in deciding whether to permit a case to proceed as a class action."  *Hartman v. Duffey,* 19 F.3d 1459, 1471 (D.C. Cir. 1994).  But objections that strictly apply the rules of evidence tell this Court nothing about the questions of commonality, typicality, or predominance of common issues of fact and law that are at the heart of the Rule 23 analysis.  *See Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018).

1

Rigorous adherence to the rules of evidence in determining class certification is simply

not appropriate because class certification is a preliminary stage of the case.  *See* Fed. R. Civ. P.

23(c)(1)(C); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11 (1978) ("[A]

district court's order denying or granting class status is inherently tentative."); *In re Zurn Pex*

*Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011) ("[A] court's inquiry on a motion

for class certification is 'tentative,' 'preliminary,' and 'limited.'") (quoting *Coopers & Lybrand*,

437 U.S. at 469 n.11).  "The 'manner and degree of evidence required' at the preliminary class

certification stage is not the same as 'at the successive stages of the litigation'—*i.e.*, at trial."

*See Sali*, 909 F.3d at 1006 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 55, 561 (1992)).   While

of course a "plaintiff seeking class certification bears the burden of affirmatively demonstrating

'through evidentiary proof that the class meets the prerequisites of Rule 23(a),'" *In re Hyundai*,

881 F.3d at 690 (citing *Comcast Corp.*, 569 U.S. at 33, 133 S.Ct. 1426), that proof need not yet

support a jury's verdict nor a summary judgment order — either of which may end litigation.

*See Sali*, 909 F.3d at 1003–04; *In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d 604, 613

(8th Cir. 2011).  "Because a decision to certify a class is far from a conclusive judgment on the

merits of the case, it is 'of necessity ... not accompanied by the traditional rules and procedure

applicable to civil trials.' " *In re Zurn*, 644 F.3d at 613–14 (quoting *Eisen v. Carlisle &*

*Jacquelin*, 417 U.S. 156, 178 (1974)).

Recognizing both the scope and preliminary nature of a Rule 23 determination, both the

Eighth and Ninth Circuits have held that evidence submitted in support of a motion for class

certification need not be in a form that would be admissible at trial.  *See Sali*, 909 F.3d at 1006–

07*; In re Zurn*, 644 F.3d at 613–14.  Although the Third and Seventh Circuits have suggested

that expert evidence submitted in support of class certification must satisfy the evidentiary

standard set out in *Daubert v. Merell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993),

Defendants' objections in ECF 167 do not concern expert evidence.  *See In re Blood Reagents*

*Antitrust Litig.*, 783 F.3d 183, 187 (3d Cir. 2015); *Messner v. Northshore Univ. Health Sys.*, 669

F.3d 802, 812 (7th Cir. 2012).  Only the Fifth Circuit in *Unger v. Amedisys, Inc.*, 401 F.3d 316,

319 (5th Cir. 2005), has held — with little analysis — that any evidence submitted in support of

a motion for class certification must be admissible at trial, as Defendants' objections assume.  In

*Sali*, on the other hand, the Ninth Circuit reasoned that because the Supreme Court treats Rule 23

as more than a "mere pleading standard," *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350

(2011), it may be analogized to standing, in which context the Supreme Court has stated different

"degree[s] of evidence [are] required at the successive stages of the litigation."  *Lujan*, 504 U.S.

at 561.  Therefore, the Ninth Circuit held the "evidence required at the preliminary class

certification stage is not the same as at successive stages of the litigation."  *Sali*, 909 F.3d at

1006 (internal quotation marks omitted).

     Although the Second Circuit has yet to rule on the standard of admissibility for motions

under Rule 23, "most district courts addressing this question have held that evidence need not be

admissible under the Federal Rules of Evidence — or that the rules should not be applied strictly

— on a motion for class certification."  *Kassman v. KPMG LLP*, 416 F. Supp. 3d 252, 267

(S.D.N.Y. 2018); *see also Cruz v. Zucker*, 195 F.Supp.3d 554, 569 (S.D.N.Y. 2016) (finding that

admissibility need not be as stringent at the class certification stage compared to summary

judgment stage); *Flores v. Anjost Corp.*, 284 F.R.D. 112, 124 n.3 (S.D.N.Y. 2012) (collecting

cases).  Those district courts that disagree have held the Federal Rules of Evidence must be

strictly applied on a motion for class certification in a much different posture than here.  For

instance, when the court in *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 64–65 (E.D.N.Y. 2012),

required that evidence in support of a Rule 23 motion be admissible, the class had already been conditionally certified, and discovery had ended.  Similarly, in *Lanqing Lin v. Everyday Beauty Amore Inc.*, 18-cv-729(BMC), 2019 WL 3037072, at *3 n.3 (E.D.N.Y. July 11, 2019), the plaintiffs had foregone class discovery altogether and the court declined consideration of inadmissible hearsay in support of class certification.  Not only are *Cabana Mgmt.* and *Lanqing* outliers, but they are factually distinct because discovery here is incomplete.

In *Harte v. Ocwen Financial Corp.*, No. 13-CV-5410, 2018 WL 1830811, at *17 (E.D.N.Y. Feb. 8, 2018), on the other hand, the court found a lower standard appropriate for the purpose of assessing class certification because discovery had been bifurcated and the plaintiffs had "not yet accessed the full panoply of admissible class evidence."  So, too, here, discovery has been bifurcated.  ECF 12 at 7–8.  Indeed, Defendants have fought Plaintiffs tooth and nail through class discovery arguing that discovery Plaintiffs seek to take must be reserved for merits discovery.   After this Court determines Plaintiffs' Motion, the parties will take merits discovery and prepare the case for dispositive motions or trial.  Only after having that full opportunity to take discovery can Plaintiffs be required to support their allegations with evidence that would be admissible at trial.  *See Sali*, 909 F.3d at 1006–07*; In re Zurn Pex Plumbing Prod. Liab. Litig.*, 644 F.3d at 613–14; *see also Lanqing Lin*, 2019 WL 3037072, at *3 n.3 (following *Cabana Mgmt.*, 284 F.R.D. at 64–65 over *Harte*, 2018 WL 1830811, because "the procedural posture in this case is more akin to *Cabana Mgmt.* than *Harte*").

Finally, it should also be noted for Defendants various "foundation" arguments regarding the danger of the Rock 'n Play Sleeper ("RNPS") and the inadequacy of the recall, that "it is proper for a district court 'to accept the complaint allegations as true in a class certification motion.' " *Waggoner v. Barclays PLC*, 875 F.3d 79, 86 n5 (2d Cir. 2017) (quoting *Shelter Realty*

*Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 656 (2d Cir. 1978).  The complaint alleges that the Sleeper is dangerous and has resulted in deaths and injuries, and also that the recall instituted by Defendants is burdensome and unfair to consumers.  Any assertions to the contrary by Defendants are an effort to confuse certification issues with those of the merits phase.

Simply put, the Federal Rules of Evidence should not apply strictly to evidence submitted in support of Plaintiffs' Motion because it is a preliminary motion, made before Plaintiffs have had a full opportunity to take discovery.  Defendants' evidentiary side-show — and its focus on the merits of the Plaintiffs claims, which are properly saved for trial — can only detract from this Court's rigorous analysis of whether those merits questions should be considered on a class-wide basis.  Defendants objections should thus be overruled.

Notwithstanding the fact that the Federal Rules of Evidence should not strictly apply, and also in light of the appropriately lower standard, Plaintiffs provide the below responses to Defendants' objections under the Federal Rules of Evidence to certain evidence submitted by Plaintiffs in support of their Motion.  For the Court's convenience, each response is formatted to correspond to each one of Defendants' objections.

### OBJECTIONS CONCERNING PLAINTIFFS' AFFIDAVITS

### (Plaintiffs' Exhibit No. 18 [ECF No. 127 at pages 1–58)

1.    **Statement:**  "Prior to [purchasing/using] the Rock 'n Play Sleeper, I knew the Fisher-Price brand and believed it to be a maker of safe products for infants and children."

**Locations of Statement:**

- Barton Affidavit, Paragraph 4

- Black Affidavit, Paragraph 4

- Cuddy Affidavit, Paragraph 4

- Fieker Affidavit, Paragraph 4

- Hanson Affidavit, Paragraph 4

- Jacoby Affidavit, Paragraph 4

- Kaden Affidavit, Paragraph 4

- Mulvey Affidavit, Paragraph 4

- Nadel Affidavit, Paragraph 5

- Nowlin Affidavit, Paragraph 4

- Pasternacki Affidavit, Paragraph 4

- Shaffer Affidavit, Paragraph 4

- Wray Affidavit, Paragraph 4

- Simmonds Affidavit, Paragraph 4

- Drover Affidavit, Paragraph 4

- Mandley Affidavit, Paragraph 4

- Alfaro Affidavit, Paragraph 4

- Flores Affidavit, Paragraph 4

- Poppe Affidavit, Paragraph 4

- Huey Affidavit, Paragraph 4

- Willis Affidavit, Paragraph 4

**<u>Response to Defendants' Objection</u>**:

a) <u>Foundation:</u>  Plaintiffs' statements as to what they thought or believed are expressions of what *is* each affiants' own personal knowledge.  Therefore, they are admissible without anything beyond the witness's own testimony under Fed. R. Evid. 602.  It would be

preposterous to assert that a witness lacked sufficient personal knowledge to state their own personal knowledge or beliefs.  This objection is frivolous and should be rejected.

2.    **Statement:**   "Prior to purchasing the Rock 'n Play Sleeper, I saw the packaging for the product, which identified it as a 'Sleeper.' The packaging indicated that the Sleeper can be used for infant sleep, including prolonged or overnight sleep."

### Locations of Statement:

- Barton Affidavit, Paragraph 5

- Black Affidavit, Paragraph 5

- Nadel Affidavit, Paragraph 6

- Pasternacki Affidavit, Paragraph 5

- Shaffer Affidavit, Paragraph 5

- Alfaro Affidavit, Paragraph 5

- Willis Affidavit, Paragraph 5

**Response to Defendants' Objections**:

a)    <u>Best Evidence Rule:</u>  Plaintiffs testified based on their own personal knowledge of what they observed on the product packaging.  "The [best evidence] rule is not applicable when a witness testifies from Personal knowledge of the matter, even though the same information is contained in a writing."   *D'Angelo v. United States*, 456 F. Supp. 127, 131  (D. Del.1978), *aff'd* 605 F.2d 1194, *aff'd* 605 F.2d 1197.  Plaintiffs have personal knowledge of what they saw on that packaging, and their testimony to that fact is admissible.  Furthermore, the best evidence rule only applies if the original document is available and its production is feasible.   United States v. Holley, 463 F.2d 634, 637 (5th Cir. 1972) ("an evidentiary rule requires the

production of the documentary original unless such production is not feasible"). Plaintiffs have submitted representative examples of packaging of the RNPS to buttress Plaintiffs' testimony about what they saw when purchasing the product.  *See* Declaration of Demet Basar, ("Basar Dec."), Exhibit 4, ECF 125-7.  Additionally, "[t]he proponent may prove the content of a writing, recording, or photograph by the testimony, deposition, or written statement of the party against whom the evidence is offered.  The proponent need not account for the original." Fed. R. Evid. 1007. Defendants, through their 30(b)(6) designee, have admitted that every RNPS sold in the United States went by the name "Rock 'n Play Sleeper," and that Defendants *always*, from 2009-2019, promoted the RNPS as suitable for overnight sleep. *See* ECF 125-12, Ford Tr. at 82:9-22; 251:5-21.

b)  <u>Authentication</u>:  Defendants misconstrue what is being offered, and, thus, what must be authenticated under the Rules.  The affiants' memory of what they saw on the packaging is being offered, not the package itself.  Plaintiffs have personal knowledge of that fact.  Fed. R. Evid. 602.  Rule 901 applies to "item[s]" of evidence, i.e. tangible things, not statements of what a witness experienced.  If the opposite were true, any witness who saw an event would be unable to testify as to their recollection without tangible supporting evidence.  This is not the case.

**3.**     **<u>Statement:</u>**  "Prior to purchasing the Rock 'n Play Sleeper, I saw the Amazon page for the product, which included photographs of the box for the product and identified it as a 'Sleeper.' The Amazon page and box photo indicated that the Sleeper can be used for infant sleep, including prolonged or overnight sleep."

     **<u>Location of Statement:</u>**

- Drover Affidavit, Paragraph 5

**Response to Defendants' Objections**:

a) <u>Best Evidence Rule:</u> The affiant testified based on her own personal knowledge of what she observed on that webpage. "The [best evidence] rule is not applicable when a witness testifies from Personal knowledge of the matter, even though the same information is contained in a writing." *D'Angelo v. United States*, 456 F. Supp. 127, 131 (D. Del.1978), *aff'd* 605 F.2d 1194, *aff'd* 605 F.2d 1197. Plaintiff has personal knowledge of what she saw on that packaging, and her testimony to that fact is admissible. Fed. R. Evid. 602. Furthermore, the best evidence rule only applies if the original document is available and its production is feasible. *United States v. Holley*, 463 F.2d 634, 637 (5th Cir. 1972) ("an evidentiary rule requires the production of the documentary original unless such production is not feasible"). Here, the writing to which Defendants refer is the webpage for a product no longer on the market, which is clearly unavailable without any fault of the Plaintiffs. In any event, Plaintiffs have submitted a representative example of packaging of the RNPS to buttress Plaintiff's testimony about photographs of the box for the product. *See* Basar Dec., Exhibit 4, ECF 125-7.

b) <u>Authentication:</u> Defendants misconstrue what is being offered, and, thus, what must be authenticated under the Rules. The affiant's memory of what she saw on the webpage is being offered, not the webpage itself. Drover has personal knowledge of that fact. Fed. R. Evid. 602. Rule 901 applies to "item[s]" of evidence, i.e. tangible things, not statements of what a witness experienced. *See* 2.b) *infra*.

4.   **Statement:**  "Prior to purchasing the Rock 'n Play Sleeper, I saw the Amazon.com page for the product, which identified it as a 'Sleeper.' The Amazon.com page indicated that the Sleeper can be used for infant sleep, including prolonged overnight sleep."

**Location of Statement:**

- Huey Affidavit, Paragraph 5

**Response to Defendants' Objections**:

a)   _Best Evidence Rule:_  Defendants' objection here is nearly identical to the objection to Drover's affidavit, and should be denied for the same reasons stated in 3.a), _infra_. Huey testified based on her own personal knowledge of what she observed.  Huey has personal knowledge of what she saw, and her testimony to that fact is admissible.

b)   _Authentication:_  Defendants misconstrue what is being offered, and, thus, what must be authenticated under the Rules.  The affiant's memory of what she saw on the webpage is being offered, not the webpage itself.  Huey has personal knowledge of that fact.  Fed. R. Evid. 602.  Rule 901 applies to "item[s]" of evidence, i.e. tangible things, not statements of what a witness experienced.  _See_ 2.b) _infra_.

5.   **Statement:**  "In deciding to purchase the Rock 'n Play Sleeper, I relied on the Fisher-Price brand as a maker of safe baby products.  The Fisher-Price brand name was very important to me when purchasing products and when purchasing the Rock 'n Play Sleeper.  I also relied on the name of the product and its packaging, and believed the Rock 'n Play Sleeper to be a safe product in which my [child/grandchildren] could sleep overnight or nap during the day."

**Locations of Statement:**

- Barton Affidavit, Paragraph 6

- Black Affidavit, Paragraph 6

- Hanson Affidavit Paragraph 5

- Kaden Affidavit Paragraph 5

- Nadel Affidavit, Paragraph 7

- Pasternacki Affidavit, Paragraph 6

- Nowlin Affidavit, Paragraph 5

- Shaffer Affidavit, Paragraph 6

- Drover Affidavit, Paragraph 6

- Alfaro Affidavit, Paragraph 6

- Flores Affidavit, Paragraph 5

- Huey Affidavit, Paragraph 6

- Willis Affidavit, Paragraph 6

**Response to Defendants' Objections**:

a)  Foundation:  Plaintiffs' statements regarding what they thought, what they believed,
and their reasons for acting are expressions each affiants' own personal knowledge.
Therefore, they are admissible without anything beyond the witness's own testimony
under Fed. R. Evid. 602.  It would be preposterous to assert that a witness lacked
sufficient personal knowledge to state their own personal knowledge, beliefs, or
reasons for action.  This objection is frivolous and should be rejected.

b)  Best Evidence Rule:  Nothing in these statements goes to the contents of the
packaging, only the affiants' personal knowledge of why they acted.  The best
evidence rule is inapplicable to such statements.  This objection is frivolous and
should be rejected.

c)   <u>Authentication:</u>  This is a repackaged assertion of the best evidence rule objection. For the same reasons stated above, it is frivolous and should be rejected.

6.   **Statement:**  "I would not have purchased the Rock 'n Play Sleeper if I had known that babies had died in it from asphyxiation or developed head and neck injuries.  I would not have purchased the Rock 'n Play Sleeper if I had known I would be exposing my [child/grandchildren] to the risk of asphyxiation or neck and head injuries."

**Locations of Statement:**

- Barton Affidavit, Paragraph 6
- Black Affidavit, Paragraph 7
- Hanson Affidavit, Paragraph 6
- Kaden Affidavit, Paragraph 6
- Nadel Affidavit, Paragraph 8
- Nowlin Affidavit, Paragraph 6
- Pasternacki Affidavit, Paragraph 7
- Shaffer Affidavit, Paragraph 7
- Drover Affidavit, Paragraph 7
- Alfaro Affidavit, Paragraph 7
- Flores Affidavit, Paragraph 6
- Huey Affidavit, Paragraph 7
- Willis Affidavit, Paragraph 7

**Responses to Defendants' Objections**:

a)   <u>Foundation:</u>  Defendants misconstrue the affiants' statements in an attempt to strike them from the record.  The matter being offered for truth in these statements regards

the affiants' reasons for their purchase decisions, not the truth or falsity of whether infants died in the RNPS.  This is based on their personal knowledge and is admissible pursuant to Fed. R. Evid. 602.  Plaintiffs' statements about what would affect their purchase decisions are admissible regardless of whether babies have died or developed injuries as a result of using the RNPS.  Nonetheless, Plaintiffs have offered substantial evidence to establish that babies died or been injured in the RNPS. *See, e.g.,* Basar Dec., Exhibit 5, ECF 125-8 (CPSC Monthly Progress Reports reporting "Incidents," "Injuries," and "Deaths"); Basar Dec., Exhibit 6, ECF 125-9 at FSHR0003981 (noting "plagiocephaly" issue), at FP0003987 ("child died from asphyxiation"), at FP0004000 ("DEATH: face down in sleeper"); Basar Dec., Exhibit 3, ECF 125-6 at 2 ("A Consumer Reports investigation noting at least 32 infant deaths.").

b)  <u>Hearsay:</u>  The hearsay rule only applies to out of court statements offered to prove the truth of the matter asserted therein.  Fed. R. Evid. 801.  Plaintiffs offer testimony about their own purchase decisions and how those decisions would have been different, not in an effort to prove that deaths actually occurred in the RNPS, which is supported by other, uncontroverted evidence.

c)  <u>Foundation/Speculation:</u>  The foundation arguments here are as preposterous as the previous foundation arguments claiming an affiant cannot testify as to their own personal knowledge or beliefs, and should be rejected for the same reason.  Regarding speculation, Defendants again ignore the assertion of the affiants' personal belief and instead act as if they assert truth of injury causation in the RNPS. This is clearly not the case.

d)      <u>Lay Opinion:</u>  Nothing in these statements asserts that the affiant is offering an opinion as to injury causation, only as to something that would have affected the affiants' purchase decision if it had been known at the time.  The affiants do not state that they know, conclude, or opine that the RNPS causes the risk, only that they would not have purchased "*if*" they had known of such risk.  This objection is frivolously made in an attempt to confuse the issues, and should be rejected.

7.      **Statement:**  "I would not have used the Rock 'n Play Sleeper if I had known that babies had died in it from asphyxiation or developed head and neck injuries."

**Locations of Statement:**

- Cuddy Affidavit, Paragraph 5

- Fieker Affidavit, Paragraph 5

- Jacoby Affidavit, Paragraph 5

- Wray Affidavit, Paragraph 5

- Simmonds Affidavit, Paragraph 5

- Mandley Affidavit, Paragraph 5

- Poppe Affidavit, Paragraph 5

**Responses to Defendants' Objections**:

a)      <u>Foundation:</u>  Defendants misconstrue the affiants' statements in an attempt to strike them from the record.  The matter being offered for truth in these statements regards the affiants' purchase decisions, not the truth or falsity of whether infants died in the RNPS.  Plaintiffs' statements about what would affect their purchase decisions are admissible regardless of whether babies have died or developed injuries as a result of using the RNPS.  Nonetheless, Plaintiffs have offered substantial evidence to

14

establish that babies died or been injured in the RNPS.  See, e.g., Basar Dec., Exhibit

5, ECF 125-8 (CPSC Monthly Progress Reports reporting "Incidents," "Injuries," and

"Deaths"); Basar Dec., Exhibit 6, ECF 125-9 at FSHR0003981 (noting

"plagiocephaly" issue), at FP0003987 ("child died from asphyxiation"), at

FP0004000 ("DEATH: face down in sleeper"); Basar Dec., Exhibit 3, ECF 125-6 at 2

("A Consumer Reports investigation noting at least 32 infant deaths.").

b)    <u>Hearsay:</u>  The hearsay rule only applies to out of court statements offered to prove the

truth of the matter asserted therein.  Fed. R. Evid. 801.  Plaintiffs offer testimony

about their own purchase decisions and how those decisions would have been

different, not in an effort to prove that deaths actually occurred in the RNPS, which is

supported by other, uncontroverted evidence.

**8.**    **<u>Statement:</u>**  "I would not have requested the Rock 'n Play Sleeper in my baby registry

nor used the Rock 'n Play Sleeper if I had known that babies died in it from

asphyxiation, developed head and neck injuries, or could otherwise get hurt in it."

**<u>Location of Statement:</u>**

- Mulvey Affidavit, Paragraph 5

**<u>Responses to Defendants' Objections</u>**:

a)    <u>Foundation:</u>  Defendants misconstrue the affiant's statements in an attempt to strike

them from the record.  The matter being offered for truth in these statements regards

the affiant's decision to register for the product, not the truth or falsity of whether

infants died in the RNPS.  Mulvey's statements about what would affect her decision

are admissible regardless of whether babies have died or developed injuries as a result

of using the RNPS.  Nonetheless, Plaintiffs have offered substantial evidence to

establish that babies died or been injured in the RNPS.  See, e.g., Basar Dec., Exhibit

5, ECF 125-8 (CPSC Monthly Progress Reports reporting "Incidents," "Injuries," and

"Deaths"); Basar Dec., Exhibit 6, ECF 125-9 at FSHR0003981 (noting

"plagiocephaly" issue), at FP0003987 ("child died from asphyxiation"), at

FP0004000 ("DEATH: face down in sleeper"); Basar Dec., Exhibit 3, ECF 125-6 at 2

("A Consumer Reports investigation noting at least 32 infant deaths.").

b)   <u>Hearsay:</u>  The hearsay rule only applies to out of court statements offered to prove the

truth of the matter asserted therein.  Fed. R. Evid. 801.  Mulvey offers testimony

about her own decision to register for the RNPS and how that decision would have

been different, not in an effort to prove that deaths actually occurred in the RNPS,

which is supported by other, uncontroverted evidence.

**9.**   **<u>Statement:</u>**  "Because I unknowingly purchased a product that is unsafe and cannot be
used without exposing infants to injury and death, I am seeking a full refund of the purchase
price of the Rock 'n Play Sleeper for myself and the other class members."

**<u>Locations of Statement:</u>**

- Barton Affidavit, Paragraph 8

- Black Affidavit, Paragraph 8

- Hanson Affidavit, Paragraph 7

- Kaden Affidavit, Paragraph 7

- Nadel Affidavit, Paragraph 9

- Nowlin Affidavit, Paragraph 7

- Pasternacki Affidavit, Paragraph 8

- Shaffer Affidavit, Paragraph 8

- Drover Affidavit, Paragraph 8

- Alfaro Affidavit, Paragraph 8

- Flores Affidavit, Paragraph 7

- Huey Affidavit, Paragraph 8

- Willis Affidavit, Paragraph 8

**Responses to Defendants' Objections**:

a)   Foundation:  Plaintiffs' testimony about their reasons for seeking a full refund of the

purchase price of the RNPS and the knowledge, information, and beliefs that impact

their decisions are squarely based on their own personal knowledge as purchasers of

the product and are thus admissible.  Fed. R. Evid. 602.  As aggrieved purchasers of

the RNPS, Plaintiffs are competent to testify about how they feel aggrieved and the

relief they seek.  Plaintiffs' testimony about their desire for a refund — as well as the

knowledge and beliefs that support their desire — is admissible regardless of whether

the product is unsafe or can be used without exposing infants to injury or death,

Plaintiffs have nonetheless offered evidence to establish that the RNPS "is unsafe"

and "cannot be used without exposing infants to injury and death."  See, e.g., Basar

Dec., Exhibit 5, ECF 125-8 (CPSC Monthly Progress Reports reporting "Incidents,"

"Injuries," and "Deaths"); Basar Dec., Exhibit 6, ECF 125-9 at FSHR0003981

(noting "plagiocephaly" issue), at FP0003987 ("child died from asphyxiation"), at

FP0004000 ("DEATH: face down in sleeper"); Basar Dec., Exhibit 3, ECF 125-6 at 2

("A Consumer Reports investigation noting at least 32 infant deaths.").

b)   Lay Opinion:  Nothing in these statements asserts that the affiant is offering an

opinion as to injury causation, only as to something that would have affected the

affiants' purchase decision if it had been known at the time.  The affiants do not state that they know, conclude, or opine that the RNPS causes the risk, only that they would not have purchased "*if*" they had known of such risk.  This objection is frivolously made in an attempt to confuse the issues, and should be rejected.

10.   **Statement:**  "I am aware of the terms of the recall for the Rock 'n Play Sleepers.  I believe the requirements for participating in the recall are burdensome and unfair."

   **Locations of Statement:**

- Barton Affidavit, Paragraph 10

- Black Affidavit, Paragraph 10

- Cuddy Affidavit, Paragraph 7

- Fieker Affidavit, Paragraph 7

- Hanson Affidavit, Paragraph 9

- Jacoby Affidavit, Paragraph 7

- Kaden Affidavit, Paragraph 9

- Mulvey Affidavit, Paragraph 7

- Nadel Affidavit, Paragraph 11

- Pasternacki Affidavit, Paragraph 10

- Shaffer Affidavit, Paragraph 10

- Wray Affidavit, Paragraph 7

- Simmonds Affidavit, Paragraph 7

- Drover Affidavit, Paragraph 10

- Mandley Affidavit, Paragraph 7

- Alfaro Affidavit, Paragraph 10

- Flores Affidavit, Paragraph 9

- Poppe Affidavit, Paragraph 7

- Huey Affidavit, Paragraph 10

- Willis Affidavit, Paragraph 10

**Responses to Defendants' Objections**:

a)   <u>Foundation:</u>  Plaintiffs' testimony about their knowledge and beliefs regarding the recall are expressions of what *is* each affiants' own personal knowledge.  Therefore, they are admissible without anything beyond the witness's own testimony under Fed. R. Evid. 602.  It would be preposterous to assert that a witness lacked sufficient personal knowledge to state their own personal knowledge or beliefs.  This objection is frivolous and should be rejected.

b)   <u>Hearsay:</u>  The hearsay rule only applies to out of court statements offered to prove the truth of the matter asserted therein.  Fed. R. Evid. 801.  Plaintiffs offer no such statement here, and this objection should be rejected as frivolous on that basis.  Defendants assertion that it "most likely based on information offered by their counsel" is speculative, wholly unsupported, and warrants no consideration.

**11.**   **Statement:**   "I also believe Mattel and Fisher-Price should be required to tell consumers that the [Rock 'n Play] Sleepers are dangerous to use under any circumstances, and that they should notify consumers of this, as well as the existence of a recall."

**Locations of Statement:**

- Barton Affidavit, Paragraph 10

- Black Affidavit, Paragraph 10

- Cuddy Affidavit, Paragraph 7

- Fieker Affidavit, Paragraph 7

- Hanson Affidavit, Paragraph 9

- Jacoby Affidavit, Paragraph 7

- Kaden Affidavit, Paragraph 9

- Mulvey Affidavit, Paragraph 7

- Nadel Affidavit, Paragraph 11

- Pasternacki Affidavit, Paragraph 10

- Shaffer Affidavit, Paragraph 10

- Wray Affidavit, Paragraph 7

- Simmonds Affidavit, Paragraph 7

- Drover Affidavit, Paragraph 10

- Mandley Affidavit, Paragraph 7

- Alfaro Affidavit, Paragraph 10

- Flores Affidavit, Paragraph 9

- Poppe Affidavit, Paragraph 7

- Huey Affidavit, Paragraph 10

- Willis Affidavit, Paragraph 10

**Responses to Defendants' Objections**

a)   <u>Foundation:</u>  Plaintiffs' statements of what they "believe" Mattel and Fisher-Price

should be required to tell consumers is a statement of Plaintiffs' beliefs, based on

their personal knowledge.  Therefore, they are admissible without anything beyond

the witness's own testimony under Fed. R. Evid. 602.  Therefore, they are admissible

without anything beyond the witness's own testimony under Fed. R. Evid. 602.

20

b)   <u>Lay Opinion:</u>  Plaintiffs' do not need to qualify themselves as experts in product safety unless they offer expert opinion on such, and they have not done so here. Testimony about what they "believe" Mattel and Fisher-Price should be required to tell consumers, assuming the allegations of the complaint are accepted as true, are the Plaintiffs' personal opinions based on their personal knowledge.  They are thus admissible to show that the information is material to consumers making purchase decisions.  Fed. R. Evid. 602.  This objection is frivolous and should be rejected.

**12.**   **<u>Statement:</u>**  "I believe my counsel has fairly and adequately represented me and the interests of the class I seek to represent, and will continue to do so."

**<u>Locations of Statement:</u>**

- Barton Affidavit, Paragraph 12

- Black Affidavit, Paragraph 12

- Cuddy Affidavit, Paragraph 9

- Fieker Affidavit, Paragraph 9

- Hanson Affidavit, Paragraph 11

- Jacoby Affidavit, Paragraph 9

- Kaden Affidavit, Paragraph 11

- Mulvey Affidavit, Paragraph 9

- Nadel Affidavit, Paragraph 13

- Nowlin Affidavit, Paragraph 9

- Pasternacki Affidavit, Paragraph 12

- Shaffer Affidavit, Paragraph 12

- Wray Affidavit, Paragraph 9

- Simmonds Affidavit, Paragraph 9

- Drover Affidavit, Paragraph 12

- Mandley Affidavit, Paragraph 9

- Alfaro Affidavit, Paragraph 12

- Flores Affidavit, Paragraph 11

- Poppe Affidavit, Paragraph 9

- Huey Affidavit, Paragraph 12

- Willis Affidavit, Paragraph 12

**Responses to Defendants' Objections**

a)   Foundation:  Plaintiffs' testimony of what they "believe" is a statement of their own

personal beliefs.  Each Plaintiff, obviously, has personal knowledge of their own

beliefs, so this cannot be speculation.  This frivolous objection should be rejected.

## OBJECTIONS TO EXHIBITS TO BASAR DECLARATION

**13.   Exhibit 3 to Basar Declaration (April 8, 2019 Consumer Reports Article) ECF No. 125-6**

a)   Hearsay:  Exhibit 3 to the Basar Declaration is introduced as evidence to prove *why*

Defendants recalled the RNPS based on what was stated in the article, not to prove

that the statements in the article are true.  The references to the article in the Motion

make this clear.  Therefore, it is not offered as hearsay.

b)   Relevance:  Evidence that "has any tendency to make a fact more or less probable" is

relevant.  Fed. R. Evid. 401.  Plaintiffs assert that this article, in part, spurred

Defendants to recall the RNPS, and notes that all 4.7 million units were recalled,

which supports numerosity.  The decision to recall the product is directly related to

the harm suffered by consumers, therefore it is relevant to the Court's analysis of class certification.

c)   <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing the issues relevant to class certification.  This objection should be overruled.

14.   **Exhibit 5 to Basar Declaration (Fisher-Price Recall Reports to the Consumer Products Safety Commission)—ECF No. 125-8 (under seal).**

a)   <u>Relevance:</u>  Evidence that "has any tendency to make a fact more or less probable" is relevant.  Fed. R. Evid. 401.  The information in this Exhibit concerns this Court's inquiries under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3).  First, it identifies the nearly 5 million "TOTAL PRODUCTS" affected by the recall, as is relevant to numerosity.  Fed. R. Civ. P. 23(a)(1).  Second, this Exhibit shows that the ineffectiveness of the recall applied to the class broadly and uniformly, which helps show common issues predominate.  Fed. R. Civ. P. 23(a)(2); Fed. R. Civ. P. 23(b)(3).

b)   <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing the issues relevant to class certification.  This objection should be overruled.

15.   **Exhibit 6 to Basar Declaration (Consumer Reported Incident Chart)—ECF No. 125-9 (under seal)**

a)   <u>Hearsay:</u>  This Exhibit is a spreadsheet that was prepared by the staff of the Consumer Product Safety Commission ("CPSC") from the Consumer Product Safety Risk Management System and National Electronic Injury Surveillance System databases used by U.S. Consumer Product Safety Commission, and it details the public office's factual findings from investigating injuries related to the RNPS.  It is an exception to the hearsay rule pursuant to Fed. R. Evid. 803(8)(A)(iii).  Defendants

have not shown that the source of information or any other circumstances indicate a lack of the report's trustworthiness.  Fed. R. Evid. 803(8)(B).  The work of government officials as a result of a formal inquiry is presumed reliable and is thus admissible under the public records exception to the hearsay rule.  *See* Fed. R. Evid. 803(8); *Cyre Precision LLC v. Bennettsvile Printing*, No. 15-cv-00221, 2017 WL 10978562, at *1 (E.D.N.Y. Feb. 7, 2017).  Furthermore, the source of this data appears to be the Consumer Product Safety Risk Management System and National Electronic Injury Surveillance System databases used by U.S. Consumer Product Safety Commission appears to have pulled and thus may also be admitted as business records because they are contemporaneous records made in the course of a regularly conducted activity of the CPSC of statements from individuals with personal knowledge.  Fed. R. Evid. 803(6).  Indeed, several American Society for Testing and Materials ("ASTM") documents produced in discovery have similar spreadsheets to those in this Exhibit, which underscores their regular nature.  Finally, the spreadsheets in this Exhibit were kept by Defendants for years and then produced to Congress in 2019, thereby manifesting that they adopted or believed the information they contained to be true and excluding the information from the definition of hearsay.  *See* Fed. R. Evid. 801(d)(2)(D).

b)  <u>Relevance:</u>  Evidence that "has any tendency to make a fact more or less probable" is relevant.  Fed. R. Evid. 401.  The information in this Exhibit concerns this Court's inquiries under Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3) because the spreadsheet of years of reports prepared by the CPSC shows that the misrepresentations, omissions, unfair and deceptive business practices, misleading

statements, Defendants' knowledge, and the fraud in Defendants' marketing as well as the safety risks of the RNPS were common to all plaintiffs in the classes and capable of common proof.   Documents that Defendants maintained, and, in this case, produced to Congress, further show that Plaintiffs' claims sounding in negligence, unjust enrichment, breach of implied warranty, and unfair and deceptive business practices are capable of common proof, as are Plaintiffs' claims about the perceptions and materiality of safety for consumer products.

c)   <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing the issues relevant to class certification.  This objection should be overruled.

## 16.   Exhibit 8 to Basar Declaration (FSHR0073901-73909—Internal Fisher-Price Emails)—ECF No. 125-11 (under seal)--pgs. 4-12

a)   <u>Relevance:</u>  Evidence that "has any tendency to make a fact more or less probable" is relevant.  Fed. R. Evid. 401.  This Court has already noted in ECF 180 that this document is relevant to class certification.

b)   <u>Foundation:</u>  Defendants objection based on whether Ms. Stephens was questioned about these documents is disingenuous.  These documents were not produced by Defendants until more than two months *after* her deposition was taken.  These emails in this Exhibit were identified and produced by defendants as potentially relevant documents held by custodian "Deidre Stephens," and each speaks for itself regarding context and content.  Defendants' argument that "Plaintiffs lack foundation for any point they are trying to make with this document" is a red-herring because questioning the author is not necessary to lay foundation and their own production and identification of the document lays foundation.

**17.      Exhibit 8 to Basar Declaration (FSHR0003861-3864—Internal Fisher-Price Emails)—ECF No. 125-11 (under seal)--pgs. 13-16**

a)      <u>Relevance:</u>  Evidence that "has any tendency to make a fact more or less probable" is relevant.  Fed. R. Evid. 401.  Much of Defendants deposition questioning and briefing centers on the "multiple uses" of the RNPS.  This document shows that even Defendants did not hold that opinion at the time the product was actually marketed, so it is relevant to overcoming that defense.  It further shows commonality in that marketing was common to all plaintiffs in the classes.  Fisher Price's internal documents further show that Plaintiffs' claims sounding in negligence, unjust enrichment, breach of implied warranty, and unfair and deceptive business practices are capable of common proof.  For those statewide classes under statutes that require a showing of Defendants' knowledge, Defendants' internal emails show that common issues of fact and law predominate and are capable of common proof.  Furthermore, information in the exhibit that relates to marketing of the RNPS is relevant to the predominance of common questions of fact and law, i.e., Defendants' awareness of facts relevant to the RNPS's marketability that they concealed from consumers in the United States, all members of the proposed classes.  Finally, Defendants assertion that this relates only to Canada does not comport with the evidence in the case.  The product name change was being considered in the United States as well, but was scrapped due to the impact it would have had on consumers.

**18.      Exhibit 8 to Basar Declaration (FSHR0003973-3980 2010 Letter to CPSC)—ECF No. 125-11 (under seal)--pgs. 310-317**

a)      <u>Relevance:</u>  Defendants' letter to the CPSC commenting on its proposed safety standard and advocating for a change permitting the RNPS is relevant to

predominance.  It shows claims for negligence, misrepresentations, breach of

warranty, and unjust enrichment are capable of common proof.  Fed. R. Civ. P.

23(b)(3).  The letter is also common, class-wide evidence of materiality because it

notes reviews and testimonials by consumers and contains Defendants' statements

regarding the market niche this product was made to fill regarding sleep, which

Defendants state "accommodate this persistent market demand and parental need."

This is common proof of the materiality of Fisher-Price's misleading advertising for

infant sleep, seen by all consumers because it was in the product's name.

b)  <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing

the issues relevant to class certification.  This objection should be overruled.

## 19.  Exhibit 8 to Basar Declaration (FSHR0024840-24844—Communications Brief)— ECF No. 125-11 (under seal)--pgs. 318-322

a)  <u>Relevance:</u>  Defendants' communications brief shows outward facing communication

tactics targeted at consumers.  Thus, it is relevant to predominance.  Defendants'

contention that this "has no bearing on what consumers may have seen" is

unsupported by the facts.  As the Court already noted "the "overjoyed" advertising

campaign referenced in the document is already public." ECF 180, at 8.   For those

statewide classes under statutes that require a showing of Defendants' knowledge,

Defendants' internal emails show that common issues of fact and law predominate

and are capable of common proof.

b)  <u>Foundation:</u>  The documents in this Exhibit were identified and produced by

Defendants as potentially relevant documents held by custodian "Don Fest," and the

document speaks for itself regarding context and content.  Defendants' argument is a

red-herring because their own production and identification of the document lays

foundation and because the document itself, including an email transmitting it, states precisely how it was used.  *See* FSHR0024840.

**20.  Exhibit 8 to Basar Declaration (FSHR0069026-69114—2015 BDO)—ECF No. 125-11 (under seal)--pgs. 323-411**

    a)    <u>Relevance:</u>  Information in this Exhibit is relevant to the predominance of common questions of fact and law by demonstrating that issues such as Defendants' advertising, negligence, breach of warranty, and unjust enrichment are capable of common proof.  Additionally, Defendants' deposition questioning and briefing centers on the "multiple uses" of the RNPS.  This document shows that even Defendants did not hold that opinion at the time the product was actually marketed, so it is relevant to overcoming that defense.  Information in this Exhibit is also relevant to show the class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).  Finally, Defendants' assertion that this document relates to marketing in Canada is patently false.  The document discusses U.S. sales and is from 2013 – after the RNPS was banned in Canada (2011) but before its re-entry to the Canadian market as the Rock 'n Play *Soothing Seat* (2016).

**21.  Exhibit 8 to Basar Declaration (FSHR0061937—Single Page of Unidentified Document)—ECF No. 125-11 (under seal)--p. 412**

    a)    <u>Relevance:</u>  Information in this Exhibit is relevant to predominance by demonstrating how Defendants' categorized the RNPS, which reflects its marketing.  Additionally, Much of Defendants deposition questioning and briefing centers on the "multiple uses" the Fisher-Price stressed for the RNPS.  This document shows that Defendants did not hold that opinion at the time the product was marketed, so it is relevant to that

defense.  Yet again, Defendants assert this relates only to Canada without grounds.
The entire document concerns U.S. sales in the Sleep Category.

b)   <u>Foundation:</u>  The document was identified and produced by Defendants among
documents kept in the course of business and previously produced to Congress.
Beyond Defendants' identification, the document, and in particular its reference to the
"Sleep Category," speaks for itself.  Defendants' objection is a red-herring because
their own production and identification of the document lays foundation.

**22.   Exhibit 8 to Basar Declaration (FSHR0025328-25358--2016 BDO)—ECF No. 125-11 (under seal)--pgs. 413-443**

a)   <u>Relevance:</u> Information in this Exhibit is relevant to predominance by demonstrating
how Defendants categorized the RNPS, which reflects its marketing.  Additionally,
Much of Defendants deposition questioning and briefing centers on the "multiple
uses" the Fisher-Price stressed for the RNPS.  This document shows that Defendants
did not hold that opinion at the time the product was actually marketed, so it is
relevant to that defense.  Yet again, Defendants assert this relates only to Canada
without grounds.  The entire document concerns U.S. marketing.

**23.   Exhibit 8 to Basar Declaration (FSHR0039570-39572—Internal Fisher-Price Emails)—ECF No. 125-11 (under seal)--pgs. 444-446**

a)   <u>Relevance:</u>  Information in this Exhibit is relevant to predominance by demonstrating
how Defendants categorized the RNPS, which reflects its marketing.  Additionally,
Much of Defendants deposition questioning and briefing centers on the "multiple
uses" the Fisher-Price stressed for the RNPS.  This document shows that Defendants
did not hold that opinion at the time the product was actually marketed, so it is

relevant to that defense.  Yet again, Defendants assert this relates only to Canada
without grounds.

b)    <u>Foundation:</u>  The email in this Exhibit was identified and produced by Defendants as
potentially relevant documents held by custodian "Sarah Ford," and it speaks for
itself regarding context and content.  Defendants' argument that Plaintiffs lack
foundation is a red-herring because the document speaks for itself with respect to
whether common questions of fact and law predominate such that the Plaintiff classes
should be certified.

**24.    Exhibit 8 to Basar Declaration (FSHR0049505-49530–-2018 Strategic Plan)—ECF
No. 125-11 (under seal)--pgs. 447-472**

a)    <u>Relevance:</u>  Information in this Exhibit is relevant to predominance.  It shows
Defendants focused on sleep in their marketing to consumers and identified sleep as
the main pain point for new parents, which cannot be gleaned without an
understanding of consumer desires, which are relevant to class certification.  The
information in this Exhibit also shows that issues regarding the misleading statements
in Defendants' marketing of the RNPS as a solution for sleep were common to all
plaintiffs in the classes.  For those statewide classes under statutes that require a
showing of Defendants' knowledge, Defendants' internal emails show that common
issues of fact and law predominate and are capable of common proof.  Yet again,
Defendants assert this relates only to Canada without grounds.  The entire document
concerns U.S. marketing.

**25.    Exhibit 8 to Basar Declaration (FSHR0028243-28247—Media Planning Brief)—
ECF No. 125-11 (under seal)--pgs. 473-477**

a)    <u>Relevance:</u>  This Exhibit is relevant to predominance by showing that Defendants focused on sleep in their marketing to consumers.  It also shows that the misleading statements in Defendants' marketing were common to all plaintiffs in the classes. Information in this Exhibit, which concerns media planning, is further relevant to show the class of consumers who were exposed to Defendants' representations is so numerous that joinder of all members is impracticable.  Fed. R. Civ. P. 23(a)(1). Additionally, shows the target demographic for Defendants' marketing, which is inconsistent with the opinion of their expert, Dr. Kivetz, so it is relevant to discredit his survey methodology.

b)    <u>Foundation:</u>  This document in this Exhibit was identified and produced by Defendants as potentially relevant documents held by custodian "Sarah Ford," and it speaks for itself regarding context and content.  Whether it was provided to the public or not it shows Defendants' marketing strategy was consistent throughout time to all consumers.  Regardless, its provision to consumers could only possibly affect relevance, not foundation.  The foundation objection is a red-herring.

**26.    Exhibit 8 to Basar Declaration (FSHR0031308- Best Buy Product Selling Guide)— ECF No. 125-11 (under seal)--pgs. 478-479**

a)    <u>Relevance:</u>  This Exhibit is relevant to predominance and commonality.  Defendants' purported grounds that this was never shown to consumers lacks merit.  It is a "Product Selling Guide" that Defendants provided retailers instructing them how to sell the RNPS.  Any assertion that those salespersons did not convey the content of the guide to consumers is preposterous.  This directly bears on what consumers were told, at Defendants' direction, before purchasing the RNPS in stores, so it is relevant.

    b)   <u>Foundation:</u>  Defendants repackage their relevance objection as a foundation

objection here.  This objection is frivolous and should be rejected.

**27.    Exhibit 8 to Basar Declaration (FSHR0027915-27931—Babies 'R Us Store Associate Training Guide)—ECF No. 125-11 (under seal)--pgs. 480-496**

    a)   <u>Relevance:</u>  This Exhibit is relevant to predominance and commonality.  Defendants'

purported grounds that this was never shown to consumers lacks merit.  As with the

prior exhibit, this "Store Associate Training Guide" instructs retail salespersons how

to market the RNPS to consumers in the retail setting.  Whether the document itself

was shown to them is immaterial because its contents were conveyed to them at the

point of sale.  It is clearly relevant.

    b)   <u>Foundation:</u>  Again, this foundation argument is a repackaged relevance argument

and should be rejected.

**28.    Exhibit 8 to Basar Declaration (FSHR0048360-48361—Internal Fisher-Price Emails)—ECF No. 125-11 (under seal)--pgs. 508-509**

    a)   <u>Relevance:</u>  This Court has already commented, correctly, that this document is

relevant to class certification. ECF 180 at 10.  This Exhibit summarizes customer

reviews and survey results, which bear on consumer perceptions of the RNPS.

    b)   <u>Foundation:</u>  This email in this Exhibit was identified and produced by Defendants as

potentially relevant documents held by custodian "Kitty Pilarz," and the email speaks

for itself regarding context and content.  The document speaks for itself.  It is an

email, and it did have an attachment.  For context, which Defendants claim is lacking,

Plaintiffs will gladly provide the Court with the attachment, which the email

summarizes as stating, "most consumers used it every day and for sleeping 8+ hours."

**29.    Exhibit 8 to Basar Declaration (FSHR0071024-71049—Sleep Simplified)—ECF No. 125-11 (under seal)--pgs. 510-535**

a)   Relevance:  This Exhibit is relevant to predominance and commonality because it

shows a) Defendants' marketing strategy for the product related directly to sleep,

contrary to their current defense; b) that "Sleep is parents' #1 challenge," for which

Defendants marketed the RNPS to solve, and c) that "parent's will do whatever it

takes to get sleep."  This goes directly to the consistency of marketing, rebutting

Defendants' new "multi-use" marketing arguments, and to the state of mind of

consumers.  Again, the ad nauseam objection that this relates to Canada is patently

false.  The document specifically states that it applies to the U.S. *See* FSHR0071048.

**30.   Exhibit 8 to Basar Declaration (FSHR0047936-47937 & FSHR0047939-47940—Drafts of "A Bedtime Story")—ECF No. 125-11 (under seal)--pgs. 536-539**

a)   Relevance:  This Exhibit is relevant to predominance and commonality because it

shows how carefully Defendants crafted the positioning of the RNPS when marketing

the product.  The consistency of these drafts with the final product that Defendants

published shows the consistent marketing theme throughout the class period, in

contrast to Defendants current "multi-use" defense.  Therefore, it is relevant to

combat that defense.  Further, it notes issues in development that were not conveyed

to consumers, which Plaintiffs use to support materiality.  Finally, this Exhibit does

not solely relate to Canada.

b)   Foundation:  This Exhibit was identified and produced by Defendants as potentially

relevant documents held by custodian "Kitty Pilarz," and the documents speak for

themselves regarding context and content.  Defendants criticism of context goes to

relevance, not foundation.  Defendants' foundation argument is a red-herring.

**31.   Exhibit 8 to Basar Declaration (FSHR003796-3798—Internal Fisher-Price Emails with article)—ECF No. 125-11 (under seal)--pgs. 540-542**

a)   <u>Hearsay:</u>  This Exhibit contains statements made by Defendants, their agents, or employees, so they are not hearsay pursuant Fed. R. Evid. 801(d)(2).  The entire Exhibit was provided in discovery because it was kept in the ordinary course of business by Defendants, so it is an exception to the hearsay rule pursuant to Rule 803(6).  Furthermore, this Exhibit is offered not for the truth of the assertions within the article, but to show Defendants' knowledge.

b)   <u>Relevance:</u>  This Exhibit is relevant to show that Plaintiffs' claims sounding in negligence, unjust enrichment, breach of implied warranty, and unfair and deceptive business practices are capable of common proof.  For those statewide classes under statutes that require a showing of Defendants' knowledge, it shows that common issues of fact and law predominate and are capable of common proof.  Nothing in this Exhibit relates to Canada.

c)   <u>Foundation:</u>  This Exhibit was identified and produced by Defendants among all of the documents produced by Defendants to the United States House of Representatives pursuant to the House's request for documents, and the documents speak for themselves regarding context and content.  Regardless, contentions related to context go to relevance, not foundation.  Defendants' foundation objection is a red-herring.

d)   <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing the issues relevant to class certification.  This Exhibit is relevant with respect to Defendants' knowledge and acts, including the information conveyed to consumers about the RNPS.  The further relevance of this Exhibit to the merits of Plaintiffs' claims is not a reason for this Court to exclude it at the class certification stage.  *Jacob v. Duane Reade, Inc.*, 289 F.R.D. 408, 413 (S.D.N.Y. 2013).

**32.**     **Exhibit 11 to Basar Declaration (ASTM Standard F-2194-12)—ECF No. 125-14**

a)     Relevance:  Evidence that "has any tendency to make a fact more or less probable" is

relevant.  Fed. R. Evid. 401.  This Exhibit is relevant predominance, commonality,

and materiality because it tends to prove that the RNPS was always marketed as a

sleep product, and that marketing practice applied to all consumers.

b)     Risk of Confusion:  Unlike a jury of lay people, this Court is not at risk of confusing

the issues relevant to class certification.  The Exhibit is probative because it is the

bassinet standard for products that are intended to provide sleeping accommodations,

so it combats Defendants' new "multi-use" arguments.  Also, Kitty Pilarz testified

that retailers typically *required* products to meet standards they fell within, and the

RNPS fell within the bassinet standard.  This is highly probative of how the RNPS

was marketed to consumers.  Defendants have pointed to no particular risk of

confusion of any issue nor any prejudice, apart from a boilerplate statement.  Their

objection lacks merit and should be rejected.

**33.**     **Thirty-Third Objection:  Exhibit 12 to Basar Declaration (ASTM Standard F-3118-15)—ECF No. 125-15**

a)     Relevance:  Evidence that "has any tendency to make a fact more or less probable" is

relevant.  Fed. R. Evid. 401.  This Exhibit is relevant predominance, commonality,

and materiality because it tends to prove that the RNPS was always marketed as a

sleep product, and that marketing practice applied to all consumers.  Additionally,

this was a standard that was developed, in part, by Defendants' employees so that

they could market the RNPS in the U.S. under a standard, which, as noted above,

retailers typically required.

b)  <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing the issues relevant to class certification.  The Exhibit is probative because it is the bassinet standard for products that are intended to provide sleeping accommodations, so it combats Defendants' new "multi-use" arguments.  This is highly probative of how the RNPS was marketed to consumers, and establishes that it remained constant over time.  Defendants have pointed to no particular risk of confusion of any issue nor any prejudice, apart from a boilerplate statement.  Their objection lacks merit and should be rejected.

**34.    Thirty-Fourth Objection:  Exhibit 21 to Basar Declaration (U.S. Senate Report re: Recalls)—ECF No. 125-24**

a)  <u>Hearsay:</u>  This Exhibit references defendants' own recall websites for the RNPS, and each of those statements made by Defendants, their agents, or employees are not hearsay because they are statements of an opposing party.  Fed. R. Evid. 801(d)(2).  Furthermore, this Exhibit is a statement of a public office:  the U.S. Senate's Committee on Commerce, Science, and Transportation.  The report sets out factual findings from in investigation by the Committee's staff of the failure of the CPSC to adequately protect American consumers from unsafe and defective products, and it details factual findings with respect to the inadequate recall of the RNPS.  Fed. R. Evid. 803(8)(A)(iii).  Defendants have not shown that the source of information or any other circumstances indicate a lack of the report's trustworthiness.  Fed. R. Evid. 803(8)(B).  The work of government officials as a result of a formal inquiry is presumed reliable and is thus admissible under the public records exception to the hearsay rule.  *See* Fed. R. Evid. 803(8); *Cyre Precision LLC v. Bennettsvile Printing*, No. 15-cv-00221, 2017 WL 10978562, at *1 (E.D.N.Y. Feb. 7, 2017).

b)  <u>Relevance:</u>  This Exhibit is relevant to predominance and commonality by demonstrating that inadequacy of the recall of the RNPS involves issues capable of common proof and was applied to all class members.  Defendants include a section in their brief to claim the recall was adequate.  ECF 165 at 11-12.  Furthermore, Defendants claim in their brief that the recall is a superior method of redressing claims.  *Id.* at 68.  It is illogical to claim sufficiency of the recall is irrelevant, yet then attack Plaintiffs' case based on sufficiency of the recall.

c)  <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing the issues relevant to class certification.  As detailed above, this Exhibit  is relevant to the predominance and commonality.  Defendants also claim it is relevant to superiority.  Defendants have pointed to no particular risk of confusion of any issue nor any prejudice, apart from a boilerplate statement.  Their objection lacks merit and should be rejected.

**35.  Thirty-Fifth Objection:  Exhibit 25 to Basar Declaration (Settlement Agreement in In re Mattel, Inc. Toy Lead Paint Prods. Liab. Litig.)—ECF No. 125-28**

a)  <u>Relevance:</u>  This Exhibit is relevant to the predominance of common questions of fact and law by demonstrating that Defendants' ability to redress an insufficient recall is an issue capable of common proof.  For the same reasons, this Exhibit is also relevant to superiority.

b)  <u>Risk of Confusion:</u>  Unlike a jury of lay people, this Court is not at risk of confusing the issues relevant to class certification.  As stated above, this Exhibit  is relevant to the commonality of proposed class members and predominance of common issues with respect to redressing the recall of the RNPS.  Fed. R. Civ. P. 23(a)(1)–(2); Fed. R. Civ. P. 23(b)(3).  Defendants have pointed to no particular risk of confusion of any

issue nor any prejudice, apart from a boilerplate statement.  This objection lacks merit and should be rejected.

## OBJECTIONS CONCERNING THE BASAR DECLARATION

36.     **Thirty-Sixth Objection:  Basar Declaration, Paragraph 28:**  "According to counsel's review of the documents produced by Defendants in this action, including marketing materials, approximately 90% of the packaging of the RNPS produced by Defendants in the course of discovery in this litigation contained an image of a baby sleeping in an RNPS *next* to an adult bed, and 100% of the packaging made reference to nighttime sleep.  Further, in the majority of the packaging, a mother was pictured lying in a bed next to her baby in the Sleeper."

**Response to Defendants' Objections**:

a)   <u>Foundation:</u>  Ms. Basar offers testimony based on counsel's own review of documents produced by Defendants in this action, which is squarely based on personal knowledge.  Fed. R. Evid. 602.  What is more, Ms. Basar also identifies the documents upon which she bases her statements as all those produced by Defendants, which permits Defendants to test her statement.  Defendants' remaining arguments can go only to weight,  not admissibility.

b)   <u>Best Evidence Rule:</u>  Defendants object to Ms. Basar's testimony about her review of materials produced by Defendants in discovery.  "The 'best evidence' rule . . . comes into play only when terms of a writing are being established and an attempt is made to offer secondary evidence, i.e., a copy, to prove the contents of the original writing.  The rule is not applicable when a witness testifies from Personal knowledge of the matter, even though the same information is contained in a writing."   *D'Angelo v.*

*United States*, 456 F. Supp. 127, 131  (D. Del.1978), *aff'd* 605 F.2d 1194, *aff'd* 605 F.2d 1197.  What is more, Ms. Basar offers testimony about the images and photos depicted on the packaging and marketing materials produced in discovery.  Ms. Basar has personal knowledge of counsel's review of the marketing materials and packaging produced in discovery, and her testimony about the same is admissible.

c)   <u>Authentication:</u>  Defendants authentication objection to this Exhibit does not mention anything related to the Basar Declaration, only a webpage referred to in Drover's affidavit.  The Basar Declaration does not even mention Plaintiff Drover.  The objection is baseless and insufficient and should be rejected.

For the foregoing reasons, all of Defendants' objections to evidence submitted in support of Plaintiffs' Motion for Class Certification, Appointment of Class Representatives, and Appointment of Class Counsel should be rejected.


Dated:  October 13, 2021

          _/s/ Demet Basar_____
          **BEASLEY, ALLEN, CROW,**
          **METHVIN, PORTIS & MILES,**
          **P.C.**
          W. Daniel Miles, III
          Demet Basar
          James B. Eubank
          Paul W. Evans
          218 Commerce Street
          Montgomery, Alabama 36104
          Tel: (334) 269-2343
          Fax: (334) 954-7555
          Dee.Miles@BeasleyAllen.com
          Demet.Basar@BeasleyAllen.com
          James.Eubank@BeasleyAllen.com
          Paul.Evans@BeasleyAllen.com

          *Plaintiffs' Lead Counsel*

**CONNORS LLP**
Terrence ("Terry") Connors
Andrew M. Debbins
1000 Liberty Building
Buffalo, NY 14202
Tel: (716) 852-5533
tmc@connorsllp.com
amd@connorsllp.com

*Plaintiffs' Liaison Counsel*